IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIM LEE MILLBROOK,** | : | CIVIL ACTION NO. 3:12-CV-421 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 25th day of April, 2016, upon consideration of the motion (Doc. 110) to appoint counsel by *pro se* plaintiff Kim Lee Millbrook ("Millbrook"), wherein Millbrook asserts that his present incarceration and limited knowledge of the law will severely inhibit his ability to investigate and prepare his case prior to trial, that this litigation involves complex legal and factual disputes that will be challenging for a *pro se* litigant to present at trial, and that he is unable to afford counsel, (id.), and it appearing that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel," Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)), but that Congress authorizes courts to "request an attorney to represent any person unable to afford counsel" on a *pro bono* basis if circumstances compel that result, see 28 U.S.C. § 1915(e)(1), and the court obliged to assess, as a threshold matter, whether the moving litigant's claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), and finding that Millbrook has satisfied this requirement by successful prosecution of his claim to this juncture,

and, turning to consideration of the remaining factors pertinent to appointment inquiries, to wit: the litigant's ability to present a case or defense, the complexity of the legal issues, the degree of factual investigation required, whether the case requires expert witness testimony, and whether the litigant can otherwise afford to retain counsel, see Parham, 126 F.3d at 457, the court finding that, although the substance of plaintiff's remaining statutory claim is not uniquely complex, trial of this matter will involve the presentation of conflicting testimony, to likely include Millbrook's own testimonial account, which will most efficiently proceed with the assistance of counsel trained in the law and rules of evidence, and the court noting, in conclusion, that § 1915(e) "gives district courts broad discretion to determine whether appointment of counsel is warranted," and that "the determination must be made on a case-by-case basis," Tabron, 6 F.3d at 157-58, and concluding that the circumstances of this case warrant appointment of *pro bono* counsel if available, it is hereby ORDERED that:

1. Millbrook's motion (Doc. 110) to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is conditionally GRANTED.

2. If counsel cannot be found to represent the *pro se* plaintiff, this conditional order appointing counsel will be revoked, and plaintiff will be required to proceed in this matter without counsel.

3. The Clerk of Court is directed to forward: (i) a copy of this order, (ii) Millbrook's complaint (Doc. 1), and (iii) the memorandum opinion (Doc. 88) and order (Doc. 89) granting in part and denying in part defendants' motion (Doc. 63) for summary judgment to the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association.

4. Within sixty (60) days of the date of this order, the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association shall notify the court in writing whether a volunteer attorney will enter an appearance on behalf of plaintiff.

5. Nothing in this order shall alter, amend, or otherwise supersede the pretrial case management deadlines established by separate order of today's date.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania